IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:20-cr-169 |
| v. | The Hon. Liam O'Grady |
| RYAN JENNINGS MOURER, | Hearing: May 18, 2021 |
| *Defendant*. | |

## THE UNITED STATES' POSITION ON SENTENCING

The United States of America, by undersigned counsel and in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual, hereby submits its position with respect to the sentencing of the defendant, RYAN JENNINGS MOURER. The United States has reviewed the Presentence Investigation Report ("PSR") and agrees with the findings of the Probation Office, which calculates that the defendant's Guideline range is 121 to 151 months' incarceration, based on a total offense level of 29 and a criminal history category of IV. The United States respectfully recommends a sentence of 121 months of incarceration.

## BACKGROUND AND PROCEDURAL HISTORY

As outlined in the Statement of Facts (ECF No. 21) and PSR (ECF No. 22), this case began when the FBI identified the individual using the moniker "IROCKICE" on the Cryptonia Market as a prolific methamphetamine distributor. Between May 29, 2019, when the account was created, and September 2019, when the FBI identified the account, "IROCKICE" had completed 299 sales on the Cryptonia Market, an average of approximately 50 sales per month. Statement of Facts, at 1 (¶ 2); PSR ¶ 16. The FBI began making controlled purchased from "IROCKICE," who was later identified as the defendant. The FBI subsequently identified the defendant's "ROCKINICE" account on the Apollon Market in November 2019. Between July 31, 2019, when the account was

1

created, and November 2019, when it was discovered, the defendant had completed an additional 79 sales on the Apollon Market, an average of approximately 20 sales per month. Statement of Facts, at 1 (¶ 3); PSR ¶ 17. Shortly after completing the initial controlled purchases using the Cryptonia Market, the FBI began using the encrypted messaging application Wickr to purchase methamphetamine from the defendant. Statement of Facts, at 2 (¶ 4); PSR ¶ 18. In total, the FBI made eight controlled purchases of methamphetamine totaling approximately 154 grams from the defendant over the course of approximately nine months, between September 2019 and June 2020. Statement of Facts, at 2 (¶ 6); PSR ¶ 20. The following chart, which was part of the Statement of Facts, provides more details about each of those purchases:

| Date of Purchase | Date of Receipt | Platform | Amount Ordered | Amount Received |
| --- | --- | --- | --- | --- |
| 9/30/2019 | 10/18/2020 | Cryptonia | 4 grams | 3.95 grams |
| 10/18/2019 | 10/24/2019 | Cryptonia | 16 grams | 15.35 grams |
| 12/5/2019 | 12/11/2019 | Wickr | 28.3 grams | 27.55 grams |
| 12/20/2019 | 1/6/2020 | Wickr | 28.3 grams | 25.43 grams |
| 1/22/2020 | 1/31/2020 | Wickr | 28.3 grams | 25.39 grams |
| 2/24/2020 | 3/4/2020 | Wickr | 28.3 grams | 27.55 grams |
| 3/31/2020 | 4/30/2020 | Wickr | 28.3 grams | 26.448 grams |
| 6/24/2020 | 7/21/2020 | Cryptonia | 3.5 grams | 2.503 grams |

A federal grand jury sitting in this district returned an indictment against the defendant on July 23, 2020. ECF No. 1. The defendant was subsequently arrested outside his home in Texas on August 21, 2020. PSR, at 1. In conducting a search of the defendant's home, the government found among other things a notebook outlining some of the defendant's trafficking conduct. The notebook listed the alias used by the FBI to purchase the methamphetamine in this case, as well as

numerous other individuals to whom the defendant sold methamphetamine.

The defendant opted to have his detention hearing in the Northern District of Texas. ECF Nos. 1, 3, 6-7, 4:20-mj-544 (N.D. Tex.). He was ordered to detained pending trial and was transferred to this district, where he made his initial appearance on September 22, 2020. ECF No. 8, 4:20-mj-544 (N.D. Tex. Aug. 26, 2020); ECF No. 6, 1:20-cr-169 (E.D.V.A. Sept. 22, 2020). The defendant was arraigned in this Court on October 20, 2020. ECF No. 10. The defendant ultimately pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, on January 26, 2021, with sentencing set for May 18, 2021. ECF Nos. 18-21.

## ARGUMENT

**I.     Sentencing Law**

Although the Sentencing Guidelines are not mandatory (*United States v. Booker*, 543 U.S. 220, 245 (2005) (opinion of Breyer, J.)), the court is required to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). After doing so, the court must consider the § 3553 sentencing factors, including the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence to criminal conduct, and the need to avoid unwarranted sentence disparities. 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(6). Ultimately, the sentence must meet a standard of reasonableness. *See Booker*, 543 U.S. at 260-61 (opinion of Breyer, J.). In this case, the defendant is subject to a ten-year mandatory minimum sentence, as he pled guilty to conspiracy to distribute 50 grams or more of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

**II.    A Sentence of 121 Months is Warranted Based on all of the § 3353 Factors**

Applying the § 3553 sentencing factors to the facts of this case, a sentence of 121 months'

incarceration is appropriate and reasonable. The approximately 154 grams of methamphetamine sold to the FBI is more than three times the 50-gram threshold for the mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(viii). That mandatory minimum reflects the judgment that methamphetamine is highly addictive and highly dangerous: In 2019, the last year for which there is data, there were 16,167 deaths involving psychostimulants, with the federal government estimating that the primary drug involved in those cases was methamphetamine.[1] Moreover, the defendant was a highly prolific distributor. While there is no way to determine the exact amount of methamphetamine sold by the defendant (the Cryptonia Market and Apollon Market list only the number of completed sales, not the weight of substances sold, and the defendant is known to have conducted sales using Wickr) we know at a minimum that the defendant made 378 additional sales on the Cryptonia Market and Apollon Market using monikers that expressly advertised the sale of methamphetamine. We also know from this case that the defendant conducted sales using Wickr. Put simply, the total amount of methamphetamine introduced into communities across the country by the defendant is significant and likely far beyond what is known to the government in this case.

(Continued on the next page.)

---

[1] *See* National Institutes of Health, Overdose Death Rates, https://www.drugabuse.gov/drug-topics/trends-statistics/overdose-death-rates.

## CONCLUSION

For the reasons stated above, the United States respectfully submits that a sentence of 121 months' incarceration is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: /s/
Philip Alito
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: 703-299-3700
Fax: 703-299-3890
Philip.Alito@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on May 11, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to counsel of record in this case.

/s/
Philip Alito
Assistant United States Attorney